UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYLE G. DEROUSEAU,

                Plaintiff,

       -against-

FAMILY COURT, *et al.*,

                Defendants.

21-CV-8716 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se.* By order dated October 26, 2021, the Court directed Plaintiff, within thirty days, to either (1) pay the $402.00 in fees required to bring a civil action in this Court; or (2) submit an *in forma pauperis* (IFP) application, to seek leave to proceed without prepayment of fees. Plaintiff failed to do either, and on November 29, 2021, the Court dismissed the action without prejudice. (ECF 4-5.)

    Shortly thereafter, Plaintiff filed an IFP application and a notice of appeal on the same day, December 3, 2021. The Court liberally construes Plaintiff's application to proceed IFP as including a motion under Rule 59(e) of the Federal Rules of Civil Procedure to reconsider the order dismissing this action. If a party files a timely motion under Rule 59(e) of the Federal Rules of Civil Procedure, or files a Rule 60 motion within 28 days of the entry date of the challenged judgment, *see* Fed. R. App. P. 4(a)(4)(A)(iv), (vi), a notice of appeal does not become "effective" until after the district court rules on that motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). Because Plaintiff's December 3, 2021, application, which is construed as including a Rule 59(e) motion, was filed within a few days of the entry of the order of dismissal and judgment, the notice of appeal does not take effect until after the Court rules on the Rule 59(e) motion.

Plaintiff does not explain his failure to timely file the IFP application. It nevertheless was filed only a few days past the deadline, and there is no apparent prejudice to any defendant. Plaintiff would be free to refile the action, and there is little to be gained by requiring him to do so. The Court therefore grants Plaintiff's application to vacate the order of dismissal and judgment and reopen this matter. The Court will address by separate order Plaintiff's application to proceed IFP.

## CONCLUSION

The Clerk of Court is directed to vacate the November 29, 2021, order of dismissal and judgment (ECF Nos. 4, 5), and reopen this action. The Clerk of Court is further directed to transmit a copy of this order to the Court of Appeals for the Second Circuit, USCA Case No. 21-3014.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 14, 2021
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge