UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KYLE G. DEROUSEAU; K.M.D., a minor,

                Plaintiffs,

              -against-

FAMILY COURT, WESTCHESTER COUNTY;
JUDGE ARLENE (GORDON) OLIVER; EVA
BUNTING SMITH, ESQ.; ARNOLD
SZHERZRNIAK; JASMINE HERNANDEZ,
ESQ.,

                Defendants.

21-CV-8716 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Kyle DeRouseau, who is appearing *pro se*, brings this action under 42 U.S.C. §§ 1983 and 1985.[1] He sues the Westchester County Family Court, the judge presiding over his Family Court proceedings, and the attorneys appointed to represent him and his minor child. Plaintiff seeks "full custody" of the minor child. By order dated May 19, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[2]

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

---

[1] The Court concludes below that Plaintiff Kyle DeRouseau cannot represent his minor child and therefore refers to him as the sole Plaintiff.

[2] This action was closed for Plaintiff's failure to timely respond to the Court's order directing him to file an IFP application but was later reopened when he did so. (ECF 6, 10.)

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff alleges the following facts. Plaintiff's claims arose between 2019 and 2021, in the Westchester County Family Court, where Judge Arlene Oliver is presiding over Plaintiff's child custody proceedings. Attorney Jasmine Hernandez was appointed to represent Plaintiff, and his minor child was represented first by court-appointed attorney Arnold Szherzrniak and later by attorney Eva Bunting Smith. Plaintiff brought several "contempt of court petitions," which the Family Court ignored. (ECF 1 at 5.) Unspecified "perjury has been also ignored." (*Id.*)

Plaintiff contends that the child's mother is "unfit" and "mentally ill," and that, as a result of the mother's "illness and fraud," the mother and child were evicted from their home. (*Id.*) Assistance was "ineffective and untimely," which "caus[ed] child to be removed from housing." (*Id.* at 6.)

Plaintiff continues to be "deprived of parental rights," which has allowed his child to be left with "an unfit parent." (*Id.* at 5.) Plaintiff has suffered "extreme stress and severe shoulder pain." (*Id.* at 6.) He seeks "sole custody and whatever the court deems fit." (*Id.*)

## DISCUSSION

**A.     Proceeding Pro Se**

Plaintiff brings this suit on his own behalf and also purports to bring suit on behalf of his minor child. A nonlawyer parent ordinarily cannot represent a child's interests *pro se*. See *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established

general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child"). Minors "are entitled to trained legal assistance so their rights may be fully protected" and nonlawyer parents are not trained to represent competently the interests of their children. *Cheung*, 906 F.2d at 61. Moreover, "a district court has a duty to raise this issue *sua sponte*." *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009). Plaintiff does not plead facts showing that he is an attorney, and he cannot pursue claims *pro se* on behalf of his child. The Court therefore dismisses K.M.D as a plaintiff in this action. Any claims asserted on K.M.D.'s behalf are dismissed without prejudice.

B.     **Eleventh Amendment Immunity**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. Plaintiff names the Family Court, Westchester County, as a defendant. The Family Court, as a part of the New York State Unified Court System, is an arm of the State of New York. *Id.* at 368 (explaining that the Family Court is part of the New York State Unified Court System and "is unquestionably an 'arm of the State,' entitled to Eleventh Amendment sovereign immunity.").

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the Family Court are therefore barred by the Eleventh Amendment and are dismissed for lack of jurisdiction.

### C.     Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Moreover, injunctive relief is unavailable in an action against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Here, Plaintiff asserts claims arising from Judge Oliver's decisions and actions (or failure to act) while presiding over Plaintiff's proceedings in Family Court. Because Plaintiff's claims relate to Judge Oliver's judicial acts, the judge is immune from suit for these claims. Moreover, although Plaintiff includes a conclusory allegation that her "decisions [were] made out of jurisdiction," the scope of a judge's jurisdiction is construed broadly, and such conclusory allegations do not show that the judge's judicial acts were taken in the absence of jurisdiction. Accordingly, the Court dismisses Plaintiff's claims under Section 1983 against Judge Oliver under the doctrine of judicial immunity, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011)

4

(claims dismissed because of judicial immunity are deemed frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).

**D.      Claims Against Court-Appointed Counsel**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), an attorney's representation of a party does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983).

Moreover, in Family Court proceedings, "an attorney for the children or law guardian is not a state actor because he or she must exercise independent professional judgment on behalf of the clients they represent." *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011) (collecting cases), *aff'd*, 485 F. App'x 500 (2d Cir. 2012); *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (holding that a law guardian, like a public defender, acts according to the best

interests of the client with "no 'obligation to the mission of the state.'" *Id.* (relying on *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981)).

Plaintiff seeks to assert claims under Section 1983 against attorneys who were appointed to represent him and his child in the Family Court. Because these individuals do not qualify as state actors, Plaintiff cannot state a claim against these defendants under Section 1983. The Court therefore dismisses all claims brought against Defendants Jasmine Hernandez, Eva Bunting Smith, and Arnold Szherzrniak for failure to state a claim. 28 U.S.C. § 1915(e)(B)(ii).

**E.      42 U.S.C. § 1985**

To state a conspiracy claim under 42 U.S.C. § 1985, a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007). Furthermore, the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Palmieri v. Lynch*, 392 F.3d 73, 86 (2d Cir. 2004) (quotation omitted).

"[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). Claims under Section 1985 must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

Plaintiff's complaint makes no allegation of racial discrimination or discrimination based on his membership in a particular class. *Palmieri*, 392 F.3d at 86. He does not plead any facts about his race or that of any other party, or plead any facts suggesting that his claims arise from any class-based discrimination. Plaintiff also makes no factual allegations suggesting the existence of a conspiracy. The Court therefore dismisses Plaintiff's claim under Section 1985 for failure to state a claim on which relief can be granted.

### F.      Request for Award of Custody

Plaintiff asks this Court to award him full custody of his child. Federal courts generally do not determine child custody, which is a matter left to the state courts. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (holding that even if subject matter jurisdiction lies, "where a federal court is asked to . . . determine support payments, or award custody of a child," the district court generally declines jurisdiction of such claims where "there is no obstacle to their full and fair determination in state courts"); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that even where diversity jurisdiction was satisfied, federal courts are divested of the power "to issue divorce, alimony, and child custody decrees").

Moreover, federal district courts lack jurisdiction to review state court judgments. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) ("[F]ederal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments.") (per curiam); *see generally Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923). Plaintiff's remedy, if he wishes to challenge any Family Court decisions regarding an award of custody or the termination of his parental rights, is a direct appeal within the state court system.

### G. Leave to Amend Futile

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The deficiencies in Plaintiff's complaint, such as his claims against defendants who are immune from suit or who are not state actors subject to suit under Section 1983, cannot be cured with an amendment. The Court therefore declines to grant him leave to amend his complaint.

### CONCLUSION

The Court dismisses K.M.D as a plaintiff in this action, without prejudice, because a non-attorney parent cannot bring claims on behalf of a minor child. The remainder of Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 31, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge